NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KANG WEY LOOI,<br><br>                    Plaintiff,<br>v.<br>MENG WANG and Q.J. GREEN GARDEN INC. d/b/a Q.J. GREEN GARDEN,<br><br>                    Defendants. | Civil Action No. 2:13-cv-1684 (SRC)(CLW)<br><br>**REPORT AND RECOMMENDATION** |

**WALDOR, United States Magistrate Judge.**

The Honorable Stanley R. Chesler, U.S.D.J., referred this matter to this Court to conduct an evidentiary hearing pursuant to Fed.R.Civ.P. 55(b)(2) to establish the amount of damages incurred by Plaintiff and to issue a report and recommendation regarding the same.

**I.    Background**

On March 14, 2014, Kang Wey Looi ("Plaintiff") filed suit against Meng Wang and Q.J. Green Garden ("Defendants") seeking damages for violations of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Payment Collection Law ("NJWPCL"), and the New Jersey Wage and Hour Act ("NJWHA"). (Compl. ¶¶ 46-75, ECF No. 1.) Plaintiff asserts that Defendants employed him as a server and paid him a monthly salary which did not reflect the hours he worked and which did not comport with applicable labor laws. (Compl. ¶¶ 2-4, 18-19, 27-40.) In particular, Plaintiff claims Defendants failed to pay him minimum wage and overtime wages. (Compl. ¶¶ 3-4, 38-40, 46-70.) Plaintiff further asserts that Defendants failed to pay any wages during a period he worked from August to December, 2012. (Compl. ¶¶ 3-4, 44-45, 71-75.) In addition, Plaintiff denies that Defendants provided notice of federal or state law. (Compl. ¶¶ 35-37, 41-43.) Plaintiff

also seeks liquidated damages, interest, costs, and reasonable attorney's fees. (Compl., Prayer for Relief, ¶¶ 1-7.)

On March 11, 2014, Plaintiff moved for default judgment. (ECF No. 9.) On April 7, 2014, the District Judge referred the matter to this Court "for an evidentiary hearing to establish the amount of damages in this case[]", and ordered Plaintiff to submit supporting papers in advance of the evidentiary hearing; the District Judge declined to rule on Plaintiff's motion for default judgment until after this Court issued the instant Report and Recommendation on damages. (Order at 2-3, ECF No. 11.) On April 28, 2014, Plaintiff filed a letter and Statement of Damages and Relief Sought (collectively, "Damages Letter") in which he reiterated his claims and articulated his damages and attorney's fees. On November 17, 2014, the Court held an evidentiary hearing at which Plaintiff testified with respect to damages and at which Plaintiff's counsel certified his attorney's fees; Defendants did not appear.

## II. Discussion

### A. Compensation under State and Federal Law

In the context of a defendant in default, "'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688, at 58 (1998)). A plaintiff bears the burden of proving that he is entitled to recover damages. Rochez Bros., Inc. v. Rhoades, 527 F.2d 891, 894 (3d Cir. 1975). The Court may receive testimony to ascertain damages. Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994). The Court must be satisfied by a preponderance of the evidence that damages should be awarded. Armstrong v. Burdette Tomlin Mem'l Hosp., 276 F.Supp.2d 264, 269 (D.N.J. 2003); Mate v. American Brands, Inc., 1990 WL 69177 *3 (D.N.J. 1990).

Based on the testimony received at the evidentiary hearing and Plaintiff's Damages Letter, the Court is satisfied that Plaintiff proved the following facts and damages by a preponderance of the evidence. Defendants are employers who jointly employed Plaintiff for 178 weeks, from August 2009 to December 2012. Plaintiff worked 80 hours per week and Defendants paid him $2,800 per month, save for the five-month period from August to December 2012 during which Defendants failed to compensate him at all. Plaintiff forfeited all tips or gratuities to Defendants on a daily basis and Defendants never remitted these funds to Plaintiff. Defendants also failed to provide notice of federal or state labor laws.

First, although Plaintiff may recover minimum wage pursuant to 29 USC §§ 206(a), 216(b), and NJSA 34:11-56a25, Plaintiff concedes that he cannot recover unpaid minimum wage for the periods in which he received compensation because his average hourly pay rate exceeded minimum wage. That is, his hourly pay rate was $8.07 as a result of a monthly salary of $2,800 and 80 hours worked per week. Plaintiff, therefore, is entitled only to recover unpaid base wages for the five months in which Defendants failed to pay him, i.e., $14,000 of unpaid base wages at a monthly rate of $2,800 from August to December 2012. Second, Plaintiff may recover unpaid overtime wages pursuant to 29 USC §§ 207(a), 216(b), NJSA 34:11-56a4, and NJAC 12:56–6.1. Plaintiff is entitled to unpaid overtime wages totaling $29,049.60, which reflect the $4.08 shortfall of his hourly pay rate of $8.07 against the time and half overtime rate of $12.15[1] multiplied over 40 overtime hours per week for 178 weeks. Third, Plaintiff may recover unpaid wages in the form

---

[1] In his Damages Letter, Plaintiff calculates his overtime entitlement as $18,903.60 based on a time and a half overtime rate of $10.725, which reflects 150% of the New Jersey minimum wage of $7.15. In accordance with 29 USC § 207(a) and NJSA 34:11-56a4, however, the Court calculates the time and a half overtime rate based on Plaintiff's average hourly wage of $8.07.

of tips pursuant to 29 USC § 203(m) and NJSA 34:11-56a1(d).[2] Plaintiff is entitled to unpaid tips of $85,440, which reflect Plaintiff's reasonable assertion of average weekly tips of $480 over 178 weeks. Overall, Plaintiff is entitled to $128,489.60, which reflects $14,000 of unpaid base wages, unpaid overtime wages of $29,049.60, and unpaid tips of $85,440.

**B.    Liquidated Damages**

"[S]ection 216(b) [of the FLSA] provides for payment of both unpaid wages and an equivalent amount of mandatory liquidated damages." Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 907 (3d Cir. 1991) (citing 29 USC § 216(b)); see also NJSA 34:11-56.8 (An "employee may recover in a civil action the full amount of the salary or wages due from the employer plus an additional equal amount as liquidated damages."). The Court has discretion not to award liquidated damages where the employer demonstrates "that the act or omission giving rise to such [an] action [for damages] was in good faith and that [the employer] had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act[.]" 29 USC § 260. "A defendant employer's burden of proof is a difficult one to meet [and] [d]ouble damages are the norm, single damages the exception." Martin, 940 F.2d at 908 (quotations and citations omitted). Defendants have not appeared and have not presented evidence regarding good faith efforts to comply with the law. The Court therefore awards double damages as to Plaintiff's unpaid hourly wages, unpaid overtime wages, and unpaid tips. Accordingly, Plaintiff is entitled to a total award of $256,979.20, which reflects the foregoing recovery of $128,489.60 plus liquidated damages of

---

[2] The Court is mindful that the FLSA considers tips separate from wages in the context of prescribing minimum wage and setting forth "tip credit" provisions. See 29 USC § 203(m); Ventura v. Bebo Foods, Inc., 738 F. Supp. 2d 8, 16-19 (D.D.C. 2010); Chung v. New Silver Palace Rest., Inc., 246 F. Supp. 2d 220, 228-29 (S.D.N.Y. 2002). The distinction is immaterial here, however, because Defendants failed to invoke the FSLA's tip credit provisions and, in any event, Plaintiff received an hourly wage greater than the minimum wage and Plaintiff credibly testified that he was deprived of all tips. The Court therefore considers these tips to be wages due to him. See Williams v. Jacksonville Terminal Co., 315 U.S. 386 (1942) (construing tips as wages under FLSA); NJSA 34:11-56a1(d) (defining "wages" as "including any gratuities received by an employee for services rendered for an employer").

4

$128,489.60.[3] Defendants are jointly and severally liable for these amounts due to Plaintiff. See 29 CFR § 791.2(a) (providing that when an individual is employed by two or more employers within the scope of a single employment, "all joint employers are responsible, both individually and jointly, for compliance with [the FLSA]").

In light of the award of liquidated damages, the Court declines to award prejudgment interest to Plaintiff because liquidated damages and prejudgment interest both serve to compensate an employee for losses caused by delayed receipt of wages to which he is entitled. Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 910 (3d Cir. 1991) (remanding to district court for an order awarding mandatory liquidated damages and vacating district court's order insofar as it awarded prejudgment interest) (citing Marshall v. Brunner, 668 F.2d 748, 753 (3d Cir. 1982)); see also Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715 (1945) ("To allow an employee to recover the basic statutory wage and liquidated damages, with interest, would have the effect of giving an employee double compensation for damages arising from delay in the payment of the basic minimum wages.").

## C.   Attorney's Fees

Finally, Plaintiff may recover attorney's fees and costs pursuant to 29 USC § 216(b) and NJSA 34:11-56.8. "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). "[T]ime expended is considered 'reasonable' if the work performed was 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 560-561 (1986). The reasonableness of an hourly rate is normally determined by the

---

[3] Plaintiff seeks liquidated damages under both state and federal law, i.e., triple damages, but provides no statute or case law to support such a theory of recovery.

5

prevailing market rate in a community. Stenson, 465 U.S. at 895. Here, Plaintiff seeks recovery of $9,750[4] for 24 hours of work performed by his two attorneys, Michael Brand at $350 per hour and Vincent S. Wong at $500 per hour. Upon review of the detailed billing record, the Court is satisfied of the reasonableness of each attorney's rates and the hours expended. The Court declines to award costs because Plaintiff failed to articulate his costs.

### III. Conclusion

In light of the foregoing, this Court recommends that the District Judge enter default judgment against Defendants in the amount of $266,729.20, which reflects $256,979.20 in unpaid wages and liquidated damages as well as $9,750 in attorney's fees. The parties have 10 days to file and serve objections to this report and recommendation pursuant to Local Rule 72.1(c)(2) from the date the transcript is filed with the Clerk of the Court.

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The Statement of Attorney's Fees included in Plaintiff's Damages Letter incorrectly tallies his attorney's fees as $8,850. The hours and billing rates, however, yield a total of $9,750.