UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KANG WEY LOOI,<br><br>Plaintiff,<br><br>v.<br><br>MENG WANG and Q.J. GREEN GARDEN INC. d/b/a Q.J. GREEN GARDEN,<br><br>Defendants. | Civil Action No. 13-1684 (SRC)<br><br>**ORDER** |

**CHESLER**, District Judge

  This matter having come before the Court upon the motion for default judgment brought by Plaintiff Kang Wey Looi ("Plaintiff") against Defendant Meng Wang, pursuant to Federal Rule of Civil Procedure 55(b) [Docket Entry 21]; and

  **IT APPEARING** that a Complaint in this matter was filed on March 14, 2013 [Docket Entry 1]; and it further

  **APPEARING** that no Answer has been filed in this case as of this date; and it further

  **APPEARING** that upon Plaintiff's request, the Clerk of the Court has entered default against Meng Wang and co-defendant Q.J. Green Garden, Inc. ("Q.J. Green Garden") [Docket Entry 8]; and it further

  **APPEARING** that, in response to Plaintiff's motion for default judgment against Meng Wang and Q.J. Green Garden filed on March 11, 2014 [Docket Entry 10], the Court Ordered on April 7, 2014 that this matter be referred to Magistrate Judge Cathy L. Waldor for an evidentiary hearing to establish the amount of damages [Docket Entry 11]; and it further

2

**APPEARING** that on December 15, 2014, Judge Waldor issued a Report and Recommendation ("R&R") on this matter as to both Defendants, pursuant to FED. R. CIV. P. 72(b), L. CIV. R. 72.1(a)(2), and 28 U.S.C. § 636(b)(1)(B) [Docket Entry 15]; and it further

**APPEARING** that the Court adopted the R&R as to Defendant Q.J. Green Garden on January 5, 2015 [Docket Entry 16], therein granting default judgment against Q.J. Green Garden,[1] and entering Judgment against Q.J. Green Garden in the amount of $266,729.20; and it further

**APPEARING** that Plaintiff has now moved again for entry of default judgment against Meng Wang [Docket Entry 21]; and it further

**APPEARING** that a copy of the Summons and Complaint in this matter has now been properly served on Defendant Meng Wang[2]; and it further

**APPEARING** that this Court now has jurisdiction to enter a default judgment against Meng Wang[3];

**IT IS** on this 17th day of November, 2015, hereby

---

[1] As discussed in this Court's April 7, 2014 Order [Docket Entry 11], Plaintiff properly served a copy of the Summons and Complaint on Defendant Q.J. Green Garden, but based on the record before the Court, had not properly served Defendant Meng Wang. Plaintiff's Affidavit of Service avers that the process server attempted "substituted" service upon Meng Wang by "leaving [the] summons & complaint at [Meng Wang's] place of business" with an individual named Cindy. (*See* Docket Entry 9, Wong Aff., Ex. C.)  Both the Federal Rules of Civil Procedure and New Jersey law, however, only allow this type of "substituted" service upon an individual where process is served upon a member of the Defendant's household at the "individual's dwelling or usual place of abode." Fed. R. Civ. P. 4(e); N.J. Court Rule 4:4-4(a)(1). With the instant motion [Docket Entry 21], Plaintiff submitted proof of proper service on Meng Wang, completed on August 3, 2013. (*See* Docket Entry 21, Wong Cert., Ex. C.)

[2] See footnote 1.

[3] Gambone v. Lite-Rock Drywall Corp., 124 F. App'x 78, 79 (3d Cir. 2005) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void . . . ." (quoting Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985))).

3

**ORDERED** that Judge Waldor's December 15, 2014 R&R [Docket Entry 15] is hereby **ADOPTED** as the Opinion of the Court against all Defendants; and it is further

**ORDERED** that default judgment is **GRANTED** in favor of Plaintiff and against Defendant Meng Wang; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(b)(2), Judgment is hereby entered in favor of Plaintiff and against Defendants Meng Wang and Q.J. Green Garden jointly and severally in the amount of $266,729.20, which reflects $256,979.20 in unpaid wages and liquidated damages as well as $9,750 in attorney's fees.

                                                     s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER
                                                  United States District Judge